USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/21/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**PETITION OF LATAM GEOTHERMAL CORP. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | Case No.   25 Misc. 09 (AT) |

**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR ASSISTANCE PURSUANT TO 28 U.S.C §1782**

THIS CAUSE came before the Court upon the *Ex Parte* Application for Assistance Pursuant to 28 U.S.C. § 1782 filed by Latam Geothermal Corp. ("**Applicant**"). The Court, having considered the § 1782 Application and supporting materials, and otherwise being fully advised in the premises, finds as follows:

A.  Applicant has met the requirements for granting the requested judicial assistance under 28 U.S.C. § 1782.

B.  For purposes of the instant Application, the Court finds that the Applicant seeks documentary evidence from The Clearing House Payments Company L.L.C (the "**Clearing House**") which resides or is found in the Southern District of New York.

C.  The documentary evidence sought through this Application is for use in aid of contemplated winding up proceedings (the "**Cayman Proceedings**"), between Applicant and the following respondents in that proceeding: Central America Energy Holdings Corp., a Cayman Islands incorporated entity, and Grupo Integra de CentroAmerica SA, a Panamanian entity.

D.  Further, as a party and putative claimant in the Cayman Proceedings, Applicant is an interested person within the meaning of 28 U.S.C. § 1782.

E.  The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F.  More particularly: (1) the Clearing House will not be a party to the proceedings in the Cayman Islands and is not expected to become party thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the Cayman courts would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent Cayman proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the Clearing House that is the type normally produced by corporate entities or persons during litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.  The Application is **GRANTED**.

2.  Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3.  Applicant is authorized to issue and serve a subpoena on the Clearing House in substantially similar form to the forms attached to the Application. Applicant is further authorized to issue and serve additional follow up subpoenas on the Clearing House as may be necessary to obtain the documentary and testimonial evidence for use in the Cayman Proceedings.

4.  The Clearing House is ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

5.  Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this __21st__ day of ___January___, 2025.

New York, New York

_____
ANALISA TORRES
United States District Judge